## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **EILEEN E. HINES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  CIV-15-00658** |
| | ) | |
| **INTEGRIS BAPTIST MEDICAL** | ) | |
| **CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
## COMPLAINT, WITH BRIEF IN SUPPORT

Defendant, INTEGRIS Baptist Medical Center, Inc. ("INTEGRIS"), hereby moves the Court to dismiss the plaintiff's Complaint[1] in its entirety.   First, the plaintiff's claim for retaliation under the Oklahoma Workers' Compensation Act (Count II) is based on a statute that was repealed on February 1, 2014, four months before the plaintiff's termination.   The newly-enacted Oklahoma Workers' Compensation Commission now has exclusive jurisdiction over this claim and as such, it must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and (6).

Second, the plaintiff's *Burk* tort public policy claim (Count III) must also be dismissed as that claim was abolished by the amended Oklahoma Anti-Discrimination Act on November 1, 2011.   It must therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief can be granted.

---

[1] Though filed as a "Petition" in state court, INTEGRIS will refer to the removed pleading as a "Complaint" herein.

Plaintiff's claims for disability discrimination (Count I), age discrimination (Count IV), and claims under the Family and Medical Leave Act (Count V) must also be dismissed. Under the pleading standard clarified by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the plaintiff must do more than state conclusions and a formulaic recitation of the elements of her causes of action. Because she has failed to do so, her claims must be dismissed under Fed.R.Civ.P. 12(b)(6).

Finally, if the plaintiff intended to assert a claim for race discrimination (see Count IV), that claim fails not only under *Twombly/Iqbal*, but also for failure to allege exhaustion of her administrative remedies. For all of these reasons, INTEGRIS' motion for dismissal of plaintiff's Complaint must be granted.

## BRIEF IN SUPPORT

## ARGUMENT AND AUTHORITY

I. **THE PLAINTIFF'S WORKERS' COMPENSATION RETALIATION CLAIM MUST BE DISMISSED[2].**

The Administrative Workers' Compensation Act ("AWCA") governs workers' compensation and workers' compensation-related claims in Oklahoma. 85A O.S. § 1, *et seq.* The Oklahoma Workers' Compensation Commission (the "Commission") was created to oversee the enforcement of the AWCA, including the AWCA's anti-retaliation provision. *See* 85A O.S. §§ 7, 19 and 20. The AWCA was effective February 1, 2014,

_____

[2] This Section also addresses the issue raised by the Court in its Order of June 17, 2015 directing the parties to brief the issue of whether this claim is removable.

and superseded all previous versions of the AWCA, including the anti-retaliation provisions previously codified in 85 O.S. § 5 and 85 O.S. § 341.

The plaintiff filed her Complaint on May 8, 2015, alleging, among other things, that INTEGRIS retaliated against her for an alleged on-the-job injury by terminating her on June 16, 2014.   Because the alleged retaliatory act occurred four (4) months after the repeal of 85 O.S. § 341, the Commission has exclusive jurisdiction to hear and decide this claim in its administrative forum.  85A O.S. § 7(B).

Other plaintiffs who have attempted to sidestep the jurisdiction of the Commission by filing post-February 1, 2014 claims of workers' compensation retaliation in state district courts have been rebuffed in their efforts.  (*See* Ex. 1, Order Sustaining Motion to Dismiss, CJ-2014-3959; Ex. 2, Order Sustaining Motion to Dismiss, CJ-2014-3701). The plaintiff's workers' compensation retaliation claim in this case should meet the same fate.  Because the judicial remedy has been repealed, neither the District Court nor this Court has jurisdiction to adjudicate this claim since it no longer exists.  And because the asserted claim no longer exists, the removal statute is immaterial.  Therefore, this Court should dismiss the plaintiff's workers' compensation claim and direct the plaintiff to file her claim in the appropriate administrative forum before the Commission.

## II.   THE PLAINTIFF'S *BURK* TORT PUBLIC POLICY CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Plaintiff's public policy claim for constructive discharge under Oklahoma law, known as the *Burk* tort, was abolished by the Oklahoma Anti-Discrimination Act ("OADA").  Effective November 1, 2011, the OADA was amended to provide for

"exclusive remedies within the state of the policies for individuals alleging discrimination in employment on the basis of race, color, national origin, sex, religion, creed, age, disability or genetic information."   25 O.S. § 1101(A) (emphasis added).   The amendments to the OADA added a new provision, Section 1350, which states: "[a] cause of action for employment-based discrimination is hereby created and any common law remedies are hereby abolished."   25 O.S. § 1350(A) (emphasis added).   In place of common law remedies for employment-based discrimination, Section 1350(G) authorizes a court to (1) enjoin unlawful discrimination practices, (2) order reinstatement; (3) award back pay, (4) award an additional amount for liquidated damages; and (5) award attorney fees to the prevailing party.

Federal district courts in Oklahoma have held that the amendments to the OADA abolish *Burk* torts.  *See Maxey v. Ezzell*, No. CIV-13-417-RAW, 2013 WL 6850792, at *2 (E.D. Okla. Dec. 30, 2013) (remedies abolished by OADA include all Burk claims including claims for retaliation), Ex. 3; *Cotner v. Ezzell*, No. CIV-13-353-RAW, 2013 WL 6222979, at *1 (E.D. Okla. Nov. 22, 2013) (same), Ex. 4; *Peters v. Black Tie Value Parking Service, Inc.,* No. CIV-12-809-DL, 2013 WL 4520260, at *1 (W.D. Okla. Aug. 26, 2013) (plaintiff limited to statutory claim under OADA), Ex. 5.  Plaintiff's public policy claim must therefore be dismissed.

III.   **THE PLAINTIFF'S CLAIMS FOR DISABILITY AND AGE DISCRIMINATION AND CLAIMS UNDER THE FAMILY MEDICAL LEAVE ACT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.**

Plaintiff asserts claims against INTEGRIS for disability and age discrimination as well as a claim under the Family Medical Leave Act.  However, plaintiff has failed to allege sufficient facts to support any of these claims and therefore they must be dismissed under Fed.R.Civ.P. 12(b)(6).

Under Fed.R.Civ.P. 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Under the clarified standard, to withstand a motion to dismiss, the Complaint must contain enough allegations of fact, taken as true, to state a claim that is plausible on its face.  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Twombly*, 550 U.S. at 570).  This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Khalik*, 671 F.3d at 1191 (quoting *Twombly*, 550 U.S. at 555).

The requirement of "plausibility serves two purposes: (1) to weed out claims that, absent additional pleadings, do not have a reasonable prospect of success, and (2) to inform the defendants of the actual grounds of the claim against them."  *VanZandt v. Okla. Dept. of Human Servs.*, 276 Fed. Appx. 843, 847 (10th Cir. 2008), Ex. 6.  The Tenth Circuit advises a reviewing court to keep these purposes in mind when deciding a motion to dismiss.  *See id.* at 846-47.  Further, in ruling on a motion to dismiss, courts

must disregard conclusory statements "and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik*, 671 F.3d at 1191. Accordingly, under *Twombly*, plaintiffs must now do more than generally allege "a wide swath of conduct," and must instead allege sufficient facts to "nudge their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).  Turning to plaintiff's Complaint, the allegations can be summed up as follows:

Plaintiff claims that an unidentified person terminated her because of an unidentified alleged on-the-job injury that occurred on an unidentified date and she believes the intent was to avoid accommodation of unidentified limitations and restrictions. (Complaint, ¶¶ 8, 9, 17)[3].

Plaintiff alleges that she has an unidentified disability and that an unidentified person terminated her based on a belief that this unidentified person wanted to avoid an unspecified medical leave and because of this unidentified disability.  (Complaint, ¶¶ 10, 11, 13, 17, 21).

Plaintiff alleges she is 59 years old and that an unidentified person regarded her as too old and replaced her with a significantly younger unidentified employee.  (Complaint, ¶¶ 24, 25).

Plaintiff alleges she applied for Family Medical Leave for unspecified reasons before her termination and that such leave was approved before her termination and that

---

[3] Even if this Court had jurisdiction over plaintiff's (now repealed) worker's compensation retaliation claim (which it does not) it would still fail under the *Twombly/Iqbal* standards addressed herein.

some unidentified person intended to violate the FMLA in doing so.  (Complaint, ¶¶ 12, 26).

These allegations are inadequate to raise plaintiff's asserted right to relief beyond the speculative level.  Plaintiff has failed to satisfy her burden to put INTEGRIS on fair notice of the nature of her claims or the grounds on which her claim rests.  Rather, these are  merely "labels and conclusions, and a formulaic recitation of the elements of a cause of action," which the Supreme Court has previously determined is not enough.  *Twombly*, 550 U.S. at 555

The plaintiff's allegations are devoid of facts concerning, among other things, similarly situated people who were treated differently, or any other facts about the alleged discrimination.  Nor are there any facts indicating a nexus between her termination and a discriminatory motive.  Likewise, there is nothing that would link her request for FMLA leave, which she provides no details about, to her termination.  In sum, the plaintiff offers only that she is over the age of 40 with an unidentified disability and that she had applied for FMLA before she was terminated and that she was replaced by someone younger.  Accordingly, plaintiff has failed to satisfy her obligation to "inform the defendants of the actual grounds of the claim against them."  *See VanZandt*, 276 Fed. Appx. at 847.   *See also Khalik*, 671 F.3d at 1193 (upholding dismissal of Complaint where plaintiff failed to offer enough detail for the claims to be plausible); *McCleary-Evans v. Maryland Dep't of Transp.*, 780 F.3d 582, 587-88 (4th Cir. 2015) (same); *Han v. University of Dayton*, 120 FEP Cases 1004 (6th Cir. 2013) (same), Ex. 7.  As such, the plaintiff's discrimination claims and FMLA claim must be dismissed.

7

**IV.     THE PLAINTIFF'S CLAIM FOR RACE DISCRIMINATION, IF ANY, MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.**

Count IV is entitled "Age Discrimination." However in paragraph 24, the plaintiff states that she was treated differently…because of her Age, <u>Race</u>, and disability…" (Complaint, at ¶ 24 (emphasis added)). She also references Title VII in that same paragraph.

This may have been a mere scrivener's error. However if the plaintiff intended to assert a race discrimination claim, such claim fails not only under the *Twombly/Iqbal* standards above (*see* Section III, *supra*), but also for failure to allege exhaustion of her administrative remedies. Nowhere in the Complaint does the plaintiff assert that she timely filed a charge of race discrimination with either the Equal Employment Opportunity Commission or the Oklahoma Human Rights Commission. As such, any claim for race discrimination must also be dismissed on this basis as well.

## CONCLUSION

For the reasons set forth in detail above, INTEGRIS respectfully requests an order dismissing Count II of the plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and Counts I, III, IV and V of the plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

s/ Courtney K. Warmington
_____
Leonard Court, OBA #1948
Courtney K. Warmington, OBA #18486
CROWE & DUNLEVY

8

A Professional Corporation
Braniff Building
324 North Robinson, Suite 100
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
leonard.court@crowedunlevy.com
courtney.warmington@crowedunlevy.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2015, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing. The Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

E. Ed Bonzie, OBA #15190
8201 S. Walker
Oklahoma City, OK  73139
(405) 631-1021
(405) 616-2488 (Facsimile)
ed@edbonzielaw.com
**ATTORNEY FOR PLAINTIFF**

s/ Courtney Warmington
COURTNEY WARMINGTON