IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EILEEN E. HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-15-658-W |
| | ) | |
| INTEGRIS BAPTIST MEDICAL CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Eileen E. Hines filed this action on May 8, 2015, in the District Court of Oklahoma County, Oklahoma, see Doc. 1-1, and asserted multiple causes of action under both federal and state law against defendant Integris Baptist Medical Center ("Integris"), her former employer. Integris removed the action on June 16, 2015, see Doc. 1, and the matter now comes before the Court on Integris' Motion to Dismiss Plaintiff's Complaint filed pursuant to Rule 12(b)(6), F.R.Civ.P. Hines has responded, and based upon the record, the Court makes its determination.

Integris has challenged the factual sufficiency of Hines' allegations in her state court petition ("Complaint") under Rule 12(b)(6), supra, and the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), set forth the standards that this Court must use in determining whether those challenges have merit. The Supreme Court held in accordance with Rule 8, F.R.Civ.P., that a complaint need not contain "heightened fact pleading of specifics," 550 U.S. at 570, or "detailed factual allegations," id. at 555 (citations omitted), but that it must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The United States Court of Appeals for the Tenth Circuit has stated that Twombly imposes a "burden . . . on the plaintiff to frame a '[pleading] . . . with enough factual matter (taken as true) to suggest' that . . . she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Twombly, 550 U.S. at 556). The allegations in the Complaint[1] must therefore "be enough that, if assumed to be true, . . . [Hines] plausibly (not just speculatively) has a claim for relief [against Integris]." Id. (footnote omitted).

The Court's task at this stage is to determine whether "there are well-pleaded factual allegations," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), in the challenged pleading; if so, the "[C]ourt should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a [pleading] . . . pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. at 678 (citations omitted).

In this connection, a complaint "'must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008)(quotation and further citation omitted). While "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context," Kansas Penn Gaming, LLC v. Collins,

---

[1] "'The [C]ourt's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993)(quotation omitted)(emphasis deleted).

656 F.3d 1210, 1215 (10th Cir. 2011)(citations omitted), neither "'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory allegations, . . . suffice." Id. (citing Twombly, 550 U.S. at 555). "[T]he Twombly/ Iqbal standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face." Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012).

Twombly and Iqbal "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555 (further citation omitted)), and more than "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' . . . ." Kansas Penn Gaming, 656 F.3d at 1214 (quoting Twombly, 550 U.S. at 555). If the plaintiff's factual allegations "are 'merely consistent with' a defendant's liability," Iqbal, 556 U.S. at 678 (quotation omitted), or "do not permit the [C]ourt to infer more than the mere possibility of misconduct," id. at 679, the plaintiff "has not 'show[n]' . . . 'that [she] . . . is entitled to relief.'" Id. (quotation omitted).

Hines has sought relief under the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq.[2] The Court is mindful that while Rule 12(b)(6) "does

---

[2]Hines also sought relief under the Oklahoma Workers' Compensation Act, 85 O.S. § 341, and for wrongful discharge in violation of Oklahoma public policy. The former claim was severed and remanded to the District Court of Oklahoma County, Oklahoma, on June 25, 2015, see Doc. 12, and Hines has agreed to dismiss the latter claim. See Doc. 13 at 1, 5. Accordingly, no state law claims remain.

not require . . . [Hines to] establish a prima facie case [as to each of these claims for relief] in her [C]omplaint," Khalik, 671 F.3d at 1192, an examination of the essential "elements of each alleged cause of action [is] help[ful] to determine whether [Hines] . . . has set forth a plausible claim." Id. (citations omitted). Accordingly, the Court has first considered what elements Hines must ultimately establish to prevail on an ADA claim, e.g., Burnett v. Mortgage Electronic Registration Systems, Inc., 706 F.3d 1231, 1236 (10th Cir. 2013) (Iqbal's contextual approach means comparing pleading with elements of cause of action), and then "'draw[ing] on its judicial experience and common sense,'" id. (quoting Iqbal, 556 U.S. at 679), the Court has "compar[ed] . . . [Hines' allegations] with the elements of th[at] cause[ ] of action." Id. (citation omitted); e.g., id. (pleadings that do not allow for at least "reasonable inference" of legally relevant facts are insufficient).

Title 29, section 2615(a)(1) of the United States Code prohibits employers from interfering with, restraining or denying an employee's exercise or attempted exercise of her FMLA rights.[3] To prevail on a claim of interference/entitlement under section 2615(a)(1), Hines must show "(1) that [s]he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with . . . [her] right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of . . . [her] FMLA rights." Jones v. Denver Public Schools, 427 F.3d 1315, 1319 (10th Cir. 2005)(citation omitted); e.g., Campbell v. Gambro Healthcare, Inc., 478 F.3d 1282, 1287 (10th Cir. 2007).

Title 29, section 2615(a)(2) of the United States Code further prohibits employers from discharging or in any manner discriminating against an employee because she has

---

[3]E.g., 29 C.F.R. § 825.220(b)(interference with exercise of employee's rights includes refusing to authorize FMLA leave).

4

asserted her FMLA rights. The theory of relief recognized by this section–retaliation/ discrimination–differs from an interference/entitlement claim under section 2615(a)(1) with respect to the essential elements as well as to the burden of proof. E.g., Campbell, 478 F.3d at 1287.[4]

To determine whether Hines has met her "obligation to provide the 'grounds' of . . . [her] 'entitle[ment] to relief,'" Twombly, 550 U.S. at 555 (citation omitted),[5] under the FMLA, the Court has examined the following allegations, construed in Hines' favor and accepted as true:

(1) Integris knew that she had "sustained an on-the-job injury prior to June 15, 2014 when she was discharged from her employment[,]" Doc. 1-1 at 2, ¶ 8;

(2) "[a]s a result of [her] medical condition[, which resulted in] . . . surgery, [she was] . . . terminated . . . because of her limitations and restrictions . . . [,]" id. ¶ 9;

---

[4]The United States Court of Appeals for the Tenth Circuit has noted not only the differences in the elements and burden of proof between an FMLA interference/entitlement claim and an FMLA retaliation/discrimination claim, but also the differences with respect to the timing of the adverse action. E.g., Dalpiaz v. Carbon County, 760 F.3d 1126, 1131 (10th Cir. 2014); Campbell, 478 F.3d at 1287. The circuit court has stated that "[t]o satisfy the second element of an interference claim . . . , 'the employee must show that she was prevented from taking the full 12 weeks[ ] of leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial permission to take leave.'" Dalpiaz, 760 F.3d at 1132 (quotation omitted). An interference/ entitlement claim therefore "arises when an adverse employment decision is made before the employee has been allowed to take FMLA leave or while the employee is still on FMLA leave." Id. (citation and footnote omitted). "'In contrast, a retaliation claim may be brought when the employee successfully took FMLA leave, was restored to her prior employment status, and was adversely affected by an employment action based on incidents post-dating her return to work.'" Id. n.3 (quotation omitted).

[5]While Hines has cited Twombly and Iqbal, she has argued that Integris' motion should not be granted "unless it should appear without doubt that [she] . . . can prove no set of facts in support of the claims for relief." Doc. 13 at 2-3. As the United States Court of Appeals for the Tenth Circuit stated in Smith v. United States, 561 F.3d 1090 (10th Cir. 2009), the "no set of facts" standard found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), was replaced by the "plausibility" standard announced in Twombly. E.g., Smith, 561 F.3d at 1098.

(3) Integris told her that her "medical condition was a motivating factor in its decision to terminate her employment[,]" id. at 3, ¶ 12; e.g., id. at 6, ¶ 26 (Integris "was motivated by its intent to . . . not allow[ ] her adequate medical leave"); and

(4) at the time of her termination she "had applied for . . . [leave] and had been approved . . . ." Id. at 3, ¶ 12.

In seeking dismissal, Integris has complained that Hines' allegations show no more than "she has an unidentified disability and that an unidentified person terminated her based on a belief that this unidentified person wanted to avoid an unspecified medical leave . . . ." Doc. 9 at 6. In her response, Hines has explained the nature of her injury, the circumstances surrounding her request for leave and the alleged consequences of that request. See Doc. 13 at 1-2, 11. Even assuming these allegations are sufficient under Twombly and Iqbal, the Court has disregarded the same.

A plaintiff may rely on statements in a response to clarify allegations in a complaint if those allegations are unclear; a plaintiff may not, however, use a response to bolster allegations in a complaint or to cite facts that have not been pleaded to defeat a motion to dismiss. E.g., Pegram v. Herdrich, 530 U.S. 211, 230 n.10 (2000).

After reviewing the allegations in the Complaint as a whole in a light most favorable to Hines and drawing all reasonable inferences in her favor, the Court finds that Hines has failed "'to set forth [a] plausible claim[ ]' animating the elements of her [FMLA] cause[ ] of action[ under either an interference/entitlement theory or a retaliation/discrimination theory]." Burnett, 706 F.3d at 1236 (quotation omitted). Integris is therefore entitled to dismissal of Count V.

The ADEA, under which Hines has also sought relief, makes it "unlawful for an employer . . . to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). The "requirement that an employer took adverse action 'because of' age [means] . . . that age was the 'reason' that the employer decided to act." Gross v. FBL Financial Services, Inc., 557 U.S. 167, 176 (2009)(citation omitted). Thus, "[t]o establish a disparate-treatment claim under the . . . ADEA, . . . a plaintiff must [ultimately] prove that age was the 'but-for' cause of the employer's adverse decision." Id. (citations omitted).

In considering Integris' challenge to this claim, the Court has examined the Complaint to determine if it contains either direct or inferential allegations respecting the material elements of an ADEA claim: (1) that Hines was within the age group protected by the ADEA when she was discharged from employment, (2) that she was qualified to perform her duties as Health Unit Coordinator and was doing so satisfactorily and (3) that her employment was terminated. E.g., Adamson v. Multi Community Diversified Services, Inc., 514 F.3d 1136, 1146 (10th Cir. 2008). Case law teaches that in addition to these three elements, there is often a fourth element imposed by courts. That element may require a showing that the plaintiff "was replaced by a younger person, although not necessarily one less than 40 years of age." Id. (citation omitted). In other cases, that element may require a showing that the plaintiff "was treated less favorably than others not in the protected class." Sanchez v. Denver Public Schools, 164 F.3d 527, 531 (10th Cir. 1998)(citations omitted).

However the fourth element is framed, the Court is mindful that these elements "are neither rigid nor mechanistic[;] their purpose is the establishment of an initial inference of unlawful discrimination warranting a presumption of liability in plaintiff's favor." Adamson,

514 F.3d at 1146 (citation omitted). "In the absence of facts tending to establish this initial inference, [however, a] plaintiff is not entitled to the presumption of discrimination and a defendant is not required to defend against the charge." Id. (citation omitted).

There is no dispute that Hines was in the protected age group, see Doc. 1-1 at 3, ¶ 10; id. at 5, ¶ 24, and that her employment was terminated. As to the remaining elements, the Complaint merely recites without any factual enhancement that Hines "was performing her job in a satisfactory manner," id. ¶ 25, and that she was "replaced by a significantly younger employee with less experience and qualifications." Id.[6]

Such "'naked assertion[s,]'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and "[t]hreadbare recitals of the elements of [her] . . . cause of action," id. (citing Twombly, 550 U.S. at 555), are not enough. That Hines has coupled her "'formulaic recitation of the elements of [her ADEA claim,]'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), with her "belief" that Integris "regarded her as being too old," id. ¶ 24, shows no "more than a sheer possibility that . . . [Integris has] acted unlawfully." Iqbal, 556 U.S. at 678 (citation omitted). The allegations in the Complaint fail to demonstrate a plausible connection between Hines' age and her termination, e.g., Khalik, 671 F.3d at 1193 (plaintiff's general assertions of discrimination, without any details whatsoever, are insufficient to survive motion to dismiss); e.g., id. (allegation that plaintiff is targeted because of race is conclusory and not entitled to assumption of truth), and Integris is therefore entitled to the relief it has requested.

---

[6]Integris has summarized the allegations giving rise to this claim as follows: "Plaintiff alleges she is 59 years old and that an unidentified person regarded her as too old and replaced her with a significantly younger unidentified employee." Doc. 9 at 6.

Finally, the Court has considered Hines' ADA claim. "[T]he ADA not only prohibits disparate treatment, but also [prohibits] a failure to make reasonable accommodation." Marshall v. Wyoming Department of Corrections, 592 Fed. Appx. 713, 716 (10th Cir. 2014) (cited pursuant to Tenth Cir. R. 32.1); e.g., 42 U.S.C. § 12112(a)(employer forbidden from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . the . . . discharge of employees"); id. § 12112(b)(5)(A)("term 'discriminate against a qualified individual on the basis of disability' includes . . . not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability").

To prevail on her theories of liability under the ADA, Hines is required to prove that (1) that she is disabled within the meaning of the ADA, (2) that she was qualified, with or without reasonable accommodations, to perform the essential functions of her job as Health Unit Coordinator and (3) that her employment was terminated or that she otherwise suffered discrimination because of that disability. E.g., Felkins v. City of Lakewood, 774 F.3d 647 (10th Cir. 2014); Equal Employment Opportunity Commission v. C.R. England, Inc., 644 F.3d 1028 (10th Cir. 2011).

Hines has alleged in her Complaint that she "was a qualified individual with a disability," Doc. 1-1 at 3, ¶ 10, or in the alternative, that Integris "regarded her as having a disability . . . ." Id. ¶ 11. She has further alleged that "her termination . . . was motivated by [Integris'] . . . intent to replace her with an employee who did not have a disability [that Integris] . . . would have to accommodate . . . ." Id. at 5-6, ¶ 26.

The term "disability" is defined under the ADA as

> (A) a physical . . . impairment that substantially limits one or more of the major life activities of . . . [an] individual;

 (B) a record of such an impairment; or

 (C) being regarded as having such an impairment . . . .

42 U.S.C. § 12102(1).[7]

To show that she is disabled and thus, satisfy the first essential element, Hines has relied on both section 12102(1)(A) and section 12102(1)(C) and asserted in her response

(1) that she "has numerous day-to-day life problems . . . such as lifting, bending, stretching, squatting, sitting, reaching, etc. as a result of the injuries she suffered to her left knee and left shoulder[,]" Doc. 13 at 9; e.g., id. at 10 (because of her limitations she could not reach above her head or lift more than five (5) pounds); and

(2) that "these activities are central to most people's daily lives and lead to a conclusion that [either she] . . . was at least regarded as substantially impaired[8] with respect to the major life activities[,]"[9] id., or that her "injuries are permanent and substantially limit some major life functions." Id.

These assertions, however, again are not found in her Complaint, and while Twombly and Iqbal do not require that Hines include in her pleading specific facts, "some facts are [necessary]." Khalik, 671 F.3d at 1193. Because Hines has failed to plead any "factual content that [would] allow[ ] the [C]ourt to draw the reasonable inference that . . .

---

[7]The ADA was amended, effective January 1, 2009, by the ADA Amendments Act of 2008 ("ADAA"), Pub. L. No. 110-325, 122 Stat. 3553, to expand the definition and construction of what constitutes a disability. E.g., 42 U.S.C. § 12102(4)(A). The ADAA also broadened the term "substantially limits." See id. § 12102(4)(B); 29 C.F.R. § 1630.2(J)(4)(2012).

[8]See id. § 1630.2(l).

[9]"[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

[Integris] is liable [under the ADA] . . . ," Iqbal, 556 U.S. at 663 (citation omitted), Hines has failed to "nudge[ ] [her ADA] . . . claim[ ] across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Accordingly, the Court

(1) GRANTS Integris' Motion to Dismiss Plaintiff's Complaint [Doc. 9] filed on June 23, 2015, as to Counts I, III (confessed),[10] IV and V of the Complaint and DISMISSES these claims without prejudice;

(2) FINDS that Hines, as she has requested, should be and is hereby GRANTED the opportunity to amend her claims as to Counts I, IV and V in accordance with Twombly and Iqbal and Rule 11, F.R.Civ.P., "to frame a 'complaint with enough factual matter (taken as true) to suggest' that . . . she is entitled to relief," Robbins, 519 F.3d at 1247 (quoting 550 U.S. at 556), against Integris; and

(3) DIRECTS Hines, should she intend to pursue any of these claims for relief against Integris, to file an amended complaint within fourteen (14) days of this date.

ENTERED this 23rd day of July, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[10]See n.2.